Paul R. Kiesel, State Bar No. 119854
  *kiesel@kbla.com*
Jeffrey A. Koncius, State Bar No. 189803
  *koncius@kbla.com*
KIESEL BOUCHER LARSON LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel:    310-854-4444
Fax:    310-854-0812

Paul O. Paradis, Esq.
  *pparadis@hhplawny.com*
Gina M. Tufaro, Esq.
  *gtufaro@hhplawny.com*
Mark A. Butler, Esq.
  *mbutler@hhplawny.com*
HORWITZ, HORWITZ & PARADIS, Attorneys at Law
570 7th Avenue, 20th Floor
New York, NY 10018
Tel:    212-986-4500
Fax:    212-986-4501

Joseph J. M. Lange, Esq. (SBN 128115)
  *jlange@jlangelaw.com*
JOSEPH J. M. LANGE
LAW CORPORATION
222 North Sepulveda Blvd., Suite 2000
El Segundo, CA 90245
Tel:    310-414-1880
Fax:    310-414-1882

Attorneys for Plaintiff SORAYA ROSS, individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORAYA ROSS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIOUX HONEY ASSOCIATION, COOPERATIVE, an Iowa Entity,<br><br>Defendant. | Case No. CV 12-1645 EMC<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>1. **VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT FOR INJUNCTIVE RELIEF;**<br><br>2. **VIOLATIONS OF CALIFORNIA BUS. & PROF. CODE §§ 17200 ET SEQ.;**<br><br>3. **VIOLATIONS OF THE FALSE ADVERTISING LAW §17500;**<br><br>4. **ALTERNATIVELY, UNJUST ENRICHMENT/RESTITUTION; AND**<br><br>5. **ALTERNATIVELY, BREACH OF IMPLIED CONTRACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Soraya Ross ("Plaintiff") individually and on behalf of all others similarly situated, by her undersigned counsel, alleges the following upon personal knowledge as to her own acts and upon information and belief as to all other matters. Plaintiff's information and belief are based upon the investigation conducted by counsel.

## NATURE OF THE ACTION

1. Plaintiff brings this action both individually on her own behalf and as a class action against Defendant Sioux Honey Association, Cooperative ("Sioux" or "Defendant") on behalf of a Class of all persons who purchased Sue Bee Clover Honey ("Sue Bee Honey") from any store located in California at any time from January 1, 2010 through the present (the "Class").

2. At all times relevant hereto, Defendant manufactured Sue Bee Honey which was marketed to California consumers and sold in stores located in the State of California.

3. In California, for a product to be sold as "honey" it must contain pollen unless the removal of such pollen was "unavoidable in the removal of foreign inorganic or organic matter." CAL. FOOD & AGRIC. CODE § 29413(e).

4. Despite being marketed as "Pure Honey," the Sue Bee Honey cannot be sold in the State of California as "honey" as defined by California Food and Agriculture Code section 29413(a), (e) because it is devoid of pollen, and such pollen was not "unavoidably" removed "in the removal of foreign inorganic or organic matter."

5. Accordingly, by advertising and selling to California consumers the Sue Bee Honey as "honey" in contravention of California Food and Agriculture Code section 29413(a), (e) and California Food and Agriculture Code section 29673, Defendant violated California's Consumers Legal Remedies Act ("CLRA"), Unfair Competition Law ("UCL"), and False Advertising Law ("FAL"), unjustly enriched itself to the detriment of both Plaintiff and members of the Class and breached its implied contracts with Plaintiff and the members of the Class.

## THE PARTIES

6. Plaintiff Soraya Ross is a resident of Beverly Hills, California and a citizen of the State of California. On March 4, 2012, Plaintiff purchased a bottle of Sue Bee Honey for $6.49 from an Albertsons in Santa Monica, California. Plaintiff relied upon the representation that the Sue Bee

Honey was "honey" and could be sold as such to California consumers.

7.      Defendant Sioux is a cooperative association organized under the laws of the State of Iowa. Defendant's corporate headquarters is located at 301 Lewis Boulevard, Sioux City, Iowa 51101. Defendant advertises, distributes, markets and sells the Sue Bee Honey to thousands of consumers throughout California in contravention of California's law as set forth herein.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over the claims asserted in this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332. Plaintiff, a citizen of California, brings claims on behalf of a class of California citizens against Defendant, a citizen of Iowa.

9.      This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1332(d) because the aggregate claims of Plaintiff and members of the Class exceed the sum or value of $5,000,000, and diversity of citizenship exists between at least one member of the proposed Class and Defendant.

10.     Upon information and belief, Defendant's sales of honey from January 1, 2010 to the end of February 2012 exceeded the sum of $13,000,000.

11.     This Court has personal jurisdiction over Defendant because it maintains sufficient contacts in this jurisdiction, including the marketing and distribution of the Sue Bee Honey in this jurisdiction.

12.     Venue is proper in this District because a substantial part of the events and misrepresentations giving rise to the claim occurred in this District, including the marketing and distribution of Sue Bee Honey in this District.

## SUBSTANTIVE ALLEGATIONS

**The Sue Bee Honey**

13.     Defendant sells the Sue Bee Honey under the "Sue Bee" name.

14.     Honey is one of the most popular condiments in the United States. People in the United States consume approximately 400 million pounds of honey per year. Defendant states on its website that it is responsible for the production of "around 40 million pounds of honey" per year. http://www.suebee.com/about.

15. Defendant markets the Sue Bee Honey as "honey" and as "pure honey" as prominently displayed on its label. However, as described herein, the Sue Bee Honey may not be sold as "honey" as defined by California Food and Agriculture Code section 29413(a), (e) because all of the pollen in the Sue Bee Honey has been unnecessarily removed.

**The Sue Bee Honey Cannot Be Sold as "Honey" in California**

16. Pursuant to California Food and Agriculture Code section 29413(e), once the pollen is removed from honey (except where unavoidable in the removal of foreign inorganic or organic matter), the condiment, under the California Food and Agriculture Code, is no longer salable in the state as "honey".

17. California Food and Agriculture Code states in relevant part:

(a) "Honey" means the natural sweet substance produced by honeybees . . .

* * *

(e) . . . Honey shall not have begun to ferment or effervesce and *no pollen or constituent particular to honey may be removed* except where unavoidable in the removal of foreign inorganic or organic matter.

CAL. FOOD & AGRIC. CODE § 29413(a), (e) (emphasis added).

18. Further, the California Food and Agriculture Code provides that:

It is unlawful for any person to mislabel any container or sub container of honey or place any false or misleading statement on any wrapper, label, or lining of any container of honey . . .

CAL. FOOD & AGRIC. CODE § 29673.

19. It is also illegal to sell mislabeled honey:

It is unlawful for any person to . . . sell any honey . . . or any product which is marked, labeled, or designated as honey, in bulk or in any container or subcontainer which does not conform to the provisions of this chapter.

CAL. FOOD & AGRIC. CODE § 29671.

20. "Mislabeled" means:

the placing or presence of any false or misleading statement, design, or device upon, or in connection with, any container or lot of honey, or upon the label, lining, or wrapper of any such container . . . . A statement, design, or device is false and misleading, if the honey to which it apparently or actually refers does not conform in every respect to such statement.

CAL. FOOD & AGRIC. CODE § 29416.

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

21. The State of California has specifically criminalized such mislabeling. Under California Food and Agriculture Code section 29701, "a violation of this chapter is an infraction punishable by a fine of not more than five hundred dollars ($500) . . . ." CAL. FOOD & AGRIC. CODE § 29701.

**Plaintiff's Claims Are Not Preempted by Federal Law**

22. Federal law does not provide a definition or "standard" for what is considered "honey."

23. In 1985, the U.S. Department of Agriculture ("USDA") issued voluntary U.S. Standards for grades of Extracted Honey. Significantly, those standards made explicit that they were not intended to preempt state law: "Note: Compliance with the provisions of these standards shall not excuse failure to comply with the provisions of the Federal Food, Drug, and Cosmetic Act, or with applicable State laws and regulations."

24. Regardless, in 1995, the USDA removed these voluntary standards and in doing so explained that their removal "is not intended to have preemptive effect with respect to any State or local laws, regulations, or policies unless they present an irreconcilable conflict with this rule." 60 FED. REG. 62172.

25. In March, 2006 five major honey groups (Sioux Honey, American Honey Producers Association, American Beekeeping Federation, National Honey Packers and Dealers Association, and the Western Dealers and Packers Association) petitioned the FDA to adopt the 2001 Revised Codex Standard of Identification of Honey (with certain deviations).

26. However, in August 2006 the FDA denied the petition. Thus, a state by state effort was initiated to develop a standard for "honey."

27. In October of 2011, the FDA denied another petition to adopt a national honey standard of identity.

28. Accordingly, no federal standard of identity for honey exists that could preempt state honey laws establishing a standard of identity for honey, including those set forth herein.

**The Filtered, Pollenless Sue Bee Honey Is Not Honey**

29. Furthermore, while federal law requires that a product without a defined standard of identity be called by its "common or usual name," 21 U.S.C. § 341(i), the Sue Bee Honey product is

1  not "honey" but rather is a "filtered honey" because Sue Bee has removed all of the natural pollen
2  from the Sue Bee Honey.

3      30.    The Codex Alimentarius Commission, which was created in 1963 by the Food and
4  Agriculture Organization of the United Nations ("FAO") and the World Health Organization
5  ("WHO") to develop food standards, guidelines and related texts, clearly establishes that pollenless
6  honey is not "honey."

7      31.    In 2001, the FAO and WHO established the Standard for Honey entitled CODEX
8  STAN 12-1981, Rev.1 (1987), Rev.2 (2001).   Part 1 § 3.1 states in relevant part:

> Honey sold as such shall not have added to it any food ingredient, including food additives, nor shall any other additions be made other than honey. Honey shall not have any objectionable matter, flavour, aroma, or taint absorbed from foreign matter during its processing and storage. . . . **No pollen or constituent particular to honey may be removed except where this is unavoidable in the removal of foreign inorganic or organic matter.**

13  (Emphasis added).

14      32.    Furthermore, section 6.1.12 requires pollenless honey to be labeled as "filtered honey":
15  "**Honey which has been filtered in such a way as to result in the significant removal of pollen**
16  **shall be designated filtered honey**."   (Emphasis added).

17      33.    California's honey statute, which conforms to the Codex Standard for Honey, explicitly
18  clarifies that a honey product that has had the pollen unnecessarily removed is not "the natural sweet
19  substance produced by honeybees from the nectar of plants or from secretions of living parts of plants
20  or excretions of plant sucking insects on the living parts of plants, which the bees collect, transform by
21  combining with specific substances of their own, deposit, dehydrate, store, and leave in the
22  honeycomb to ripen and mature."

23  **Defendant's Sale of Sue Bee Honey in California Is Unlawful**

24      34.    Despite the strict requirements of the California Food and Agriculture Code, Defendant
25  has sold the Sue Bee Honey as "honey" when, in fact, the Sue Bee Honey does not contain pollen and
26  therefore it cannot be sold in the State of California as "honey".

27      35.    Defendant has admitted that it removes all of Sue Bee Honey's natural pollen on its
28  website:

1   *Sue Bee Honey is filtered to remove all pollen* to lessen its chances of granulation

2   (sugaring) . . . . Pollen adds to the nutritional value of honey.

3   http://www.suebee.com/honey/faq (emphasis added).

4   36.   Further, Defendant's website makes clear that such removal of pollen was not necessary

5   for the removal of foreign matter from the honey, rather, the pollen is removed "to lessen its chances

6   of granulation (sugaring)." In fact, Defendant sells other honey varieties that have not had all of their

7   pollen removed, demonstrating that it is able to sell honey with pollen.

8   37.   It is clear that the Sue Bee Honey does not contain pollen, which was unnecessarily

9   removed. Therefore, the Sue Bee Honey cannot be sold in the State of California as "honey" as

10  defined by the California Food and Agriculture Code.

11  38.   By engaging in the foregoing conduct, Defendant has violated the CLRA, UCL and

12  FAL and unjustly enriched itself at the expense of Plaintiff and members of the Class.

**Defendant's Sale of the Sue Bee Honey
Damaged Plaintiff and Class Members**

15  39.   At all times relevant hereto, Defendant sold the Sue Bee Honey through stores located

16  throughout California.

17  40.   Had Plaintiff and members of the Class known the Sue Bee Honey could not be sold

18  within the State of California as "honey", or that the Sue Bee Honey did not contain any pollen,

19  Plaintiff and members of the Class would not have purchased the Sue Bee Honey.

20  41.   Because the Sue Bee Honey could not be sold in the State of California as "honey," the

21  Sue Bee Honey was rendered valueless.

22  42.   As a result of Defendant's misconduct, Plaintiff and Class members suffered economic

23  losses in the amount of the entire purchase price that they paid in exchange for the valueless Sue Bee

24  Honey.

25  43.   Alternatively, by misrepresenting that pollenless Sue Bee Honey as "pure honey" when

26  it is in fact filtered and pollenless honey, Defendant was able to charge a price premium because

27  filtered, pollenless honey is worth less than unfiltered honey that contains pollen.

28  44.   Accordingly, Plaintiff, and each and every Class member, was relieved of money in the

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

transactions alleged herein and such loss of money is directly traceable to the action of Defendant.

## CLASS ACTION ALLEGATIONS

45. Plaintiff brings this action both individually and as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2) and 23(b)(3) against Defendant, on her own behalf and on behalf of any person who purchased a bottle of Sue Bee Honey from any store located in California at any time from January 1, 2010, through the present.

46. Members of the Class are so numerous that joinder of all members would be impracticable. Plaintiff estimates that there are thousands of members of the Class. Upon information and belief, Defendant's sales of honey from January 1, 2010 to the end of February 2012 exceeded the sum of $13,000,000.

47. Questions of law and fact are common to all the members of the Class that predominate over any questions affecting only individual members, and a class action will generate common answers to the below questions, which are apt to drive the resolution of the litigation:

  a. Whether the Sue Bee Honey was devoid of pollen;
  b. Whether the sale of Sue Bee Honey as "honey" violated the California Food and Agriculture Code;
  c. Whether Defendant's conduct violated the CLRA;
  d. Whether Defendant's conduct violated the UCL;
  e. Whether Defendant's conduct violated the FAL;
  f. Whether Defendant's sale of the Sue Bee Honey unjustly enriched Defendant at the expense of Plaintiff and members of the Class; and
  g. Whether as a result of Defendant's misconduct, Plaintiff and other Class members are entitled to damages, restitution, equitable relief, injunctive relief, or other relief, and the amount and nature of such relief.

48. The claims of Plaintiff are typical of the claims of the members of the Class. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to the Plaintiff.

49. Plaintiff will protect the interests of the Class fairly and adequately, and Plaintiff has

1 retained attorneys experienced in complex class action litigation.

2 50. A class action is superior to all other available methods for this controversy because: i) the prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; ii) the prosecution of separate actions by the members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, which would establish incompatible standards of conduct for Defendant; iii) Defendant acted or refused to act on grounds generally applicable to the Class; and iv) questions of law and fact common to members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

51. Plaintiff does not anticipate any difficulty in the management of this litigation.

## COUNT I
**(By Plaintiff, Individually and on Behalf of All Class Members, for Violation of the California Consumers Legal Remedies Act For Injunctive Relief, only, CAL. CIV. CODE §§ 1750 et seq.)**

52. Plaintiff incorporates and realleges all of the foregoing paragraphs.

53. At all times relevant herein, the CLRA was in effect. The CLRA prohibits "unfair or deceptive acts or practices." Plaintiff bases this count on Defendant's omissions of a material fact of which Defendant had exclusive knowledge and was obliged to disclose.

54. The Sue Bee Honey is a "good" under Cal. Civ. Code § 1761(a).

55. Plaintiff and Class members are "consumers" under Cal. Civ. Code § 1761(d).

56. The CLRA applies to Defendant's conduct because Defendant's conduct was intended to result, and did result, in the sale of goods for personal, family, or household use.

57. The CLRA prohibits representing that goods or services have characteristics, ingredients, uses, benefits, or quantities which they do not have; representing that goods or services are of a particular standard, quality, or grade, if they are of another; and advertising goods with intent not to sell them as advertised.

58.     At all times relevant hereto, Defendant misrepresented the quality, characteristics, and/or ingredients of the Sue Bee Honey, and advertised the Sue Bee Honey with intent not to sell it as advertised.

59.     In particular, Defendant marketed for sale in California the Sue Bee Honey as "honey" when it could not be sold as "honey" as defined by the California Food and Agriculture Code.

60.     Had Plaintiff and members of the Class known the Sue Bee Honey could not be sold within the State of California as "honey" or that the Sue Bee Honey did not contain any pollen, Plaintiff and members of the Class would not have purchased the Sue Bee Honey.

61.     Furthermore, Defendant's omission was, and is material, because, inter alia, such omission affected the purchase price of the Sue Bee Honey.

62.     As a result of Defendant's misconduct, which is ongoing, Plaintiff and Class members have suffered economic losses in the amount of the entire purchase price that they paid in exchange for the valueless Sue Bee Honey.

63.     Alternatively, by failing to disclose the material fact that the Sue Bee Honey is pollenless and/or not "honey," Defendant was able to charge a price premium because filtered, pollenless honey is worth less than unfiltered honey that contains pollen.

64.     Accordingly, Plaintiff and Class members seek a permanent injunction, only, on this count.

**COUNT II**
**(By Plaintiff, Individually and on Behalf of All Class Members for Violations of the Unfair Competition Law, CAL. BUS. & PROF. CODE §§ 17200 et seq.)**

65.     Plaintiff incorporates and realleges all of the foregoing paragraphs.

66.     Defendant's practices as alleged in this Complaint constitute unlawful and unfair business acts and practices under the UCL, BUS. & PROF. CODE §§ 17200 et seq.

67.     The UCL prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent or deceptive business act or practice.

68.     Under the unlawful prong of the UCL, a violation of another law is treated as unfair competition that is independently actionable.

69. A business practice is "unfair" if it violates an established public policy or if it is immoral, unethical, oppressive, or unscrupulous and causes injury to consumers which outweighs its benefits; or if a reasonable consumer would be deceived by the labeling of the product.

70. Defendant committed "unfair" business acts and practices by engaging in conduct where the utility of such conduct, if any, is outweighed by the gravity of the consequences to Plaintiff and to other Class members and engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and to other Class members.

71. Furthermore, members of the California public are likely to be deceived by Defendant's marketing of the Sue Bee Honey because pursuant to California law, the product cannot be marketed or sold as "honey".

72. Defendant also committed unlawful acts because it violated the California Food and Agriculture Code.

73. Under the California Food and Agriculture Code, a condiment cannot be sold as "honey" if it contains "no pollen" or "any constituent particular to honey" has been unnecessarily removed.

74. Specifically, section 29413 entitled "Definitions of 'Honey'; Sale of honey; Standards" provides in relevant part that:

> (a) "Honey" means the natural sweet substance produced by honeybees from the nectar of plants or from secretions of living parts of plants or excretions of plant sucking insects on the living parts of plants, which the bees collect, transform by combining with specific substances of their own, deposit, dehydrate, store, and leave in the honeycomb to ripen and mature.
>
> * * *
>
> (e) Honey sold as described in subdivision (d) shall not have added to it any food ingredient, including food additives, nor shall any other additions be made other than honey. Honey shall not have any objectionable matter, flavor, aroma, or taint absorbed from foreign matter during its processing and storage. Honey shall not have begun to ferment or effervesce and *no pollen or constituent particular to honey may be removed* except where unavoidable in the removal of foreign inorganic or organic matter.

CAL. FOOD & AGRIC. CODE § 29413 (emphasis added).

75. Further, the California Food and Agriculture Code prohibits the false labeling of honey that does not meet the definition of "honey" and which cannot be sold in the State of California as

"honey".

76. In particular, section 29673 entitled "Mislabeling; False or misleading statements" provides that

> It is unlawful for any person to mislabel any container or sub container of honey or place any false or misleading statement on any wrapper, label, or lining of any container of honey, or on any placard which is used in connection with or which has reference to any honey.

CAL. FOOD & AGRIC. CODE § 29673.

77. Finally, it is illegal to sell mislabeled honey:

> It is unlawful for any person to . . . sell any honey . . . or any product which is marked, labeled, or designated as honey, in bulk or in any container or subcontainer which does not conform to the provisions of this chapter.

CAL. FOOD & AGRIC. CODE § 29671.

78. Moreover, under section 29416, entitled "Mislabeled" means the following:

> the placing or presence of any false or misleading statement, design, or device upon, or in connection with, any container or lot of honey, or upon the label, lining, or wrapper of any such container, or any placard used in connection with any container or lot of honey, which has reference to such honey. A statement, design, or device is false and misleading, if the honey to which it apparently or actually refers does not conform in every respect to such statement.

CAL. FOOD & AGRIC. CODE § 29416.

79. The State of California has specifically condemned and criminalized such mislabeling. Under California Food and Agriculture Code section 29701, entitled "Infraction; Second or subsequent violation as misdemeanor; Fine or imprisonment,"

> (a) Unless otherwise specified, a violation of this chapter is an infraction punishable by a fine of not more than five hundred dollars ($500).
> (b) A conviction of a second or subsequent violation of this chapter within any 12-month period is a misdemeanor punishable by a fine of not less than one hundred dollars ($100) nor more than one thousand dollars ($1,000) or by imprisonment in the county jail for not more than six months, or by both the fine and imprisonment.

CAL. FOOD & AGRIC. CODE § 29701.

80. By selling "honey" that has had its pollen unnecessarily removed, Defendant has violated the California Food and Agriculture Code.

81. In addition, Defendant committed unlawful practices because it violated the CLRA.

82. Furthermore, by illegally misbranding the Sue Bee Honey as "honey" Defendant has violated California Health and Safety Code section 110765.

83. As a result of Defendant's misconduct, Plaintiff and Class members have suffered economic losses in the amount of the entire purchase price that they paid in exchange for the valueless Sue Bee Honey.

84. Alternatively, by failing to disclose the material fact that the Sue Bee Honey is pollenless and/or not "honey," Defendant was able to charge a price premium because filtered, pollenless honey is worth less than unfiltered honey that contains pollen.

## COUNT III
### (By Plaintiff, Individually and on Behalf of All Class Members for Violations of the False Advertising Law, Cal. Bus. & Prof. Code § 17500)

85. Plaintiff incorporates and realleges all of the foregoing paragraphs.

86. California Business and Professions Code §17500 makes it unlawful for any corporation or association selling anything "of any nature whosoever" to intentionally make any statement or omission, including over the Internet, in connection with the marketing or sale of such product which is untrue, misleading or deceptive. Specifically, Cal. Bus. & Prof. Code §17500 prohibits a business from engaging in a scheme with the intent not to sell a product as so advertised.

87. Defendant engaged in false, untrue, misleading and deceptive advertising in California, in violation of California Business and Professions Code section 17500, because it should have known that it was violating the California Food and Agriculture Code by uniformly labeling and marketing its Sue Bee Honey as "honey" when it in fact could not be sold as "honey" in the State of California.

88. As a result of Defendant's misleading statements and omissions, reasonable consumers, including Plaintiff, were misled or likely to be misled into believing that the Sue Bee Honey could be sold as "honey" in the State of California.

89. Defendant engaged in the aforementioned deceptive and misleading business practices to increase its profits. As such, Defendant's deceptive statements and omissions caused substantial injury to consumers, including Plaintiff and members of the Class.

90. As a result of Defendant's misconduct, Plaintiff and Class members have suffered economic losses in the amount of the entire purchase price that they paid in exchange for the valueless

Sue Bee Honey.

91. Alternatively, by failing to disclose the material fact that the Sue Bee Honey is pollenless and/or not "honey," Defendant was able to charge a price premium because filtered, pollenless honey is worth less than unfiltered honey that contains pollen.

92. Plaintiff seeks, on behalf of herself and members of the Class, full restitution, as necessary and according to proof, to restore any and all monies acquired by Defendant from Plaintiff and members of the Class as a result of Defendant's false, misleading and deceptive advertising as stated above.

## COUNT IV
**(Alternatively, By Plaintiff, Individually and on Behalf of All California Class Members For Restitution / Unjust Enrichment Under California Law)**

93. Plaintiff incorporates and realleges all of the foregoing paragraphs.

94. This Count is brought against Defendant pursuant to California's common law doctrine of unjust enrichment/restitution.

95. At all times relevant hereto, Defendant marketed and sold the Sue Bee Honey as "honey" when it was not legally entitled to sell the Sue Bee Honey as "honey," in the State of California.

96. Plaintiff and other similarly situated Class members conferred upon Defendant benefits that were non-gratuitous profits.

97. Defendant accepted or retained the benefits conferred by Plaintiff and other similarly situated Class members despite Defendant's knowledge of its material misrepresentations and omissions of material fact.

98. Retaining the benefits conferred upon Defendant by Plaintiff and other similarly situated Class members is unjust and inequitable because, in light of the fact that the Sue Bee Honey could not be sold in the State of California as "honey," the Sue Bee Honey was rendered valueless. Accordingly, in exchange for the benefit that Defendant retained, Plaintiff and members of the Class received a product that was less than that which they paid.

99. Because Defendant's retention of the benefits conferred by Plaintiff and other similarly

1 situated Class members is unjust and inequitable, Defendant must pay restitution in a manner
2 established by the Court.

### COUNT V
### (Alternatively, by Plaintiff, Individually and on Behalf of All Class Members for Breach of Implied Contract Under California Law)

100.   Plaintiff incorporates and re-alleges all of the foregoing paragraphs.

101.   This Count is brought against Defendant pursuant to California's common law doctrine of breach of implied contract.

102.   At all times relevant hereto, Defendant marketed and sold the Sue Bee Honey as "honey" when it was not legally entitled to sell its product as "honey" in the State of California.

103.   Plaintiff and other similarly situated Class members conferred upon Defendant benefits that were non-gratuitous and constitute profits.

104.   Defendant accepted or retained the benefits conferred by Plaintiff and other similarly situated Class members despite Defendant's knowledge of its material misrepresentations and omissions of material fact.

105.   Retaining the benefits conferred upon Defendant by Plaintiff and other similarly situated Class members under these circumstances make Defendant's retention of the benefits unjust and inequitable.

106.   Because Defendant's retention of the benefits conferred by Plaintiff and other similarly situated Class members is unjust and inequitable, Defendant must pay restitution in a manner established by the Court.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court:

a.   Certify this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, appoint the named Plaintiff as the Class representative, and appoint the undersigned as class counsel;

b.   Issue a permanent injunction or other appropriate equitable relief requiring Defendant to refrain from marketing its Sue Bee Honey to consumers in the State of California;

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

1    c.    Order Defendant to pay Plaintiff and other members of the Class an amount of actual
2 and statutory damages, restitution and punitive damages in an amount to be determined at trial, and
3 where allowed, on Counts II through IV;

4    d.    Issue an order granting Plaintiff's reasonable costs and attorneys' fees; and

5    e.    Grant such other relief as may be just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues so triable.

DATED: July 2, 2012                KIESEL BOUCHER LARSON LLP

By:    /s/ Jeffrey A. Koncius
Paul R. Kiesel
Jeffrey A. Koncius
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Telephone:    (310) 854-4444
Facsimile:    (310) 854-0812

Paul O. Paradis, Esq.
Gina M. Tufaro, Esq.
Mark A. Butler, Esq.
HORWITZ, HORWITZ & PARADIS,
Attorneys at Law
570 7th Avenue, 20th Floor
New York, NY 10018
Telephone:    (212) 986-4500
Facsimile:    (212) 986-4501

Joseph J. M. Lange, Esq.
JOSEPH J. M. LANGE
LAW CORPORATION
222 North Sepulveda Blvd., Suite 2000
El Segundo, CA 90245
Telephone:    (310) 414-1880
Facsimile:    (310) 414-1882

Attorneys for Plaintiff SORAYA ROSS,
individually and on behalf of all others similarly
situated

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California